IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CARL ARTHUR PERRY, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action 13-00262-CG-N |
| | ) | |
| TONY PATTERSON, | ) | |
| | ) | |
| Respondent. | ) | |

REPORT AND RECOMMENDATION

Petitioner, Carl Arthur Perry, Jr. ("Parry"), an Alabama prison inmate proceeding pro se, filed a handwritten petition under 28 U.S.C. § 2254 (doc. 1) on May 14, 2013, and neither paid the $5.00 filing fee nor filed a motion to proceed without prepayment of fees. Pursuant to the Court's Order dated May 15, 2013 (doc. 2), Perry filed his §2254 petition on the Court's form (doc. 3) together with a motion to proceed without prepayment of fees (doc. 4). The matter has been referred to the undersigned Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Upon consideration of this § 2254 petition, the undersigned finds that it is barred on the grounds, in sum, that it is one of many successive habeas petitions for which the petitioner has failed to obtain permission from the Eleventh Circuit Court of Appeals as

required by 28 U.S.C. § 2244(b)(3)(A)[1].  The undersigned, therefore, recommends that this § 2254 petition similarly be **DENIED**.[2]

## I.   PROCEDURAL HISTORY

In his present §2254 petition, Perry states that he was convicted in the Circuit Court of Escambia, Alabama, on May 18, 1983 of "common murder" and sentenced to life in prison without parole.  (Doc. 3 at 2).  Perry did receive a sentence of life without parole for murder, but he was actually convicted in the Circuit Court of Mobile County, Alabama on July 6, 1982.  *See*  Perry v. Jones, CA 92-0148-RV-M (S.D. Ala. 07/09/1992)(Docs. 13-15).  Perry's conviction and sentence were affirmed on appeal by the Alabama Court of Criminal Appeals.  *Id., citing* Perry v. State, 453 So.2d 762 (Ala. Crim. App. 1984).

Perry's collateral attacks in both this Court on his conviction prior to the instant petition were enumerated in his last habeas case, Civil Action No. 92-0148-RV-M, as follows:

> . . . . Petitioner filed a complaint with this Court on April 1, 1992 raising only the claim that he was sentenced to life without parole while others were offered lesser sentences (Doc. 5). Respondent has answered the complaint by stating that this claim has been addressed on the merits in a previous habeas petition and that this petition is an abuse of the writ under Rule 9(b) of the Rules Governing Section 2254 Cases (Doc. 10).
> Petitioner filed his first habeas petition February 24, 1986. Perry v. Johnson, C.A. No. 86-0193-C (S.D. Ala. March 21, 1988). The claims--

---

[1] *See* Perry v. Jones, CA 92-0148-RV-M (S.D. Ala. 07/09/1992)(Denies Perry's third habeas petition on grounds of res judicata and abuse of the writ).

[2] In light of the contents of this report and recommendation, the undersigned finds petitioner's motion for leave to proceed without prepayment of fees (Doc. 4) to be **MOOT.**

> none of which included the single claim raised in the present petition--were discussed by the undersigned in a recommendation to deny the petition as lacking merit. *Id*. at Doc. 21. U.S. District Judge Cox adopted that recommendation as the opinion of the Court and dismissed the petition. *Id*. at Doc. 23. Petitioner's application for a certificate of probable cause before the Eleventh Circuit Court of Appeals was denied. Perry v. Johnson, C.A. No. 88-7214 (11th Cir. August 26, 1988).
>
> Petitioner filed his second habeas petition on November 8, 1989. Perry v. Jones, C.A. No. 89-0874-T-C (S.D. Ala. February 8, 1991). In that petition, Perry raised seven different claims, one of them being the claim raised in the present petition . A recommendation was entered that the petition be denied, first, as an abuse of the writ under Rule 9(b) as it was a successive petition and, second, as none of the claims had merit. *Id* . at Doc. 14. U.S. District Judge Thomas adopted the recommendation as the opinion of the Court and dismissed the petition. Id. at Doc. 16. The Eleventh Circuit Court of Appeals denied Petitioner's application for a certificate of probable cause. Perry v. Jones, C.A. No. 91-7149 (11th Cir. August 1, 1991).
>
> Because of the disposition of Petitioner's past petitions, it is recommended that this petition be denied for the following reasons: (1) the petition falls within the doctrine of *res judicata* as a determination has previously been made on the only claim raised; (2) the petition is an abuse of the writ under Rule 9(b) of the Rules Governing Section 2254 Cases; and (3) the claim lacks merit.

*See* Civil Action No. 92-0148-RV-M, Doc. 13 at pp. 1-3.

Perry's present § 2254 petition was filed in handwritten form on May 14, 2013 (doc. 1) and thereafter filed on the Court's form on June 5, 2013 (doc. 3). Perry confirms that his conviction and sentence were affirmed by the Alabama Court of Criminal Appeals in 1984. (Doc. 3 at 3). Perry also states that he filed "a petition for habeas corpus" in the Circuit Court of Escambia County, Alabama on January 2, 2012, which was "converted to Rule 32 [and] sent to Mobile." (Doc. 3 at 4). It is unclear whether the "Date of result" given as "Feb. 17, 2012" relates to a final adjudication or the

3

transfer of the matter to Mobile.  In any event, Perry does not advise the Court of the outcome of this petition.

Perry also claims to have similarly filed a petition for habeas corpus on August 13, 2009, in the Circuit Court of Escambia County, Alabama, which was also converted to a Rule 32 and transferred to Mobile.  (Doc. 3 at 4-5).  It is again unclear whether the "Date of result" given as "March 31, 2010" relates to a final adjudication or the transfer of the matter to Mobile.  Perry again fails to advise the Court of the outcome of this petition.

Perry then discusses a civil action he filed on July 8, 2002, pursuant to 42 U.S.C. § 1983.  Perry fails, however, to discuss any of the previous § 2254 actions he filed, which have been enumerated in his last habeas case, Civil Action No. 92-0148-RV-M, as set forth above. Perry's reluctance to divulge his prior habeas petitions does not alter their impact on the requisite outcome of this litigation.

II.   ANALYSIS

Pursuant to 28 U.S.C. §§ 2254 and 2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA"), "'[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application'."  Guenther v. Holt, 173 F.3d 1328, 1330 (11th Cir. 1999), *quoting* 28 U.S.C. § 2244(b)(3)(A), *cert. denied*, 528 U.S. 1085 (2000).  This jurisdictional issue was reaffirmed in Turner v. Howerton, in which the Eleventh Circuit held:

4

> A state prisoner who wishes to file a second or successive federal habeas corpus petition is required to move the court of appeals for an order authorizing the district court to consider such a petition. See 28 U.S.C. 2244(b)(3)(A). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam).

196 Fed. Appx. 848, 852 (11th Cir. 2006).  *See also* Parker v. Dinwiddie, 258 Fed. Appx. 200, 201 (10th Cir. 2007)("A district court does not have jurisdiction to address the merits of a second or successive petition until this court has granted the required authorization under 28 U.S.C. § 2244(b)(3)(A).").

In view of the three prior 2254 petitions filed in this Court by Perry, the last one of which was denied in 1992 on grounds of res judicata, abuse of the writ and lack of merit,[3] Perry was required to obtain permission from the Eleventh Circuit Court of Appeals prior to filing the present petition.  He failed to do so.  The Eleventh Circuit has consistently held that it must give its permission before a district court may consider a second or successive habeas petition challenging a conviction or sentence.  *See* United States v. Diaz-Clark, 292 F.3d 1310, 1316 (11th Cir. 2002)("[Defendant] must obtain certification by the court of appeals before a 'second or successive' habeas petition may be pursued in the district court, and such certification will only be granted if the petitioner makes a showing of newly discovered evidence that establishes his or her innocence, or points to a new rule of constitutional law, recognized by the Supreme Court and made

---

[3] *See* Perry v. Jones, CA 92-0148-RV-M (S.D. Ala. 7/9/1992)(Adopted Report and Recommendation dated June 9, 1992, and denied habeas petition on grounds of *res judicata,* abuse of writ and lack of merit).

5

retroactively applicable to cases on collateral review."); In re Joshua, 224 F.3d 1281, 1282 (11th Cir. 2000)("[P]risoners seeking to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion." ); In re Provenzano, 179 F.3d 1326, 1327 (11th Cir. 1999)(The Court of Appeals "may authorize the filing of a second habeas petition only if we determine the applicant has made a prima facie showing that the new claims he seeks to raise fit within one of the two exceptions against belated claims that are set out in § 2244(b)(2)."). "Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it." Tompkins v. Secretary, Department of Corrections, 557 F.3d 1257, 1259 (11th Cir. 2009). *See also*, Rodgers v. Hertzel, 2010 WL 4628100, *2 (S.D. Ala. Oct. 7, 2010)(same). The instant petition is, in fact, a ***third*** successive petition filed without the required authorization.  Consequently, it is recommended that this action be dismissed for lack of jurisdiction due to petitioner's failure seek an order from the Eleventh Circuit Court of Appeals, pursuant 28 U.S.C. § 2244(b)(3)(A) prior to filing a successive petition.

## CERTIFICATE OF APPEALABILITY/*IN FORMA PAUPERIS*

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2254 Cases (December 1, 2009).  A certificate of appealability may issue only where "the applicant has made a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000); Miller-EL v. Cockrell, 537 U.S. 322, 336 (2003)("Under the controlling standard, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' ").

In the instant action, Petitioner has not applied to the Eleventh Circuit Court of Appeals for permission to file this, his ***third*** successive habeas petition; thus, this Court is without jurisdiction to consider his successive petition. Farris v. U.S., 333 F.3d 1211, 1216 (11th Cir. 2003)("Without authorization, the district court lacks jurisdiction to consider a second or successive petition."). Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further. Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the Court conclude that no reasonable

jurist could find it debatable whether the Petitioner's petition should be dismissed; thus, he is not entitled to a certificate of appealability.

Additionally, the undersigned here addresses the related issue of whether any appeal of an order adopting this Report and Recommendation and denying habeas relief may be brought *in forma pauperis*. An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); *see* Fed.R.App. P. 24(a)(3)(A); Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir.2000) (concluding that "good faith" is "an objective concept" and that "not taken in good faith" is "a synonym for frivolous"); DeSantis v. United Techs, Corp., 15 F.Supp.2d 1285, 1288-89 (M.D .Fla.1998) (stating that good faith "must be judged by an objective, not a subjective, standard" and that an appellant "demonstrates good faith when he seeks appellate review of any issue that is not frivolous"). An appeal filed *in forma pauperis* is frivolous if "it appears that the Plaintiff has little to no chance of success," meaning that the "factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir.1993). For the foregoing reasons, the undersigned recommends that the court find no possible good faith basis for appeal of the denial of the petitioner's habeas claims, and thus that no appeal of such a ruling may be brought *in forma pauperis*.

## CONCLUSION

For the reasons set forth above, if is hereby **RECOMMENDED** that Perry's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **DISMISSED with prejudice**, and that no Certificate of Appealability or leave to appeal *in forma pauperis*

should issue.  The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the magistrate judge.

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**Done** this   21st   day of June, 2013.

/s/Katherine P. Nelson
KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE